MARY ANN DAWKINS, EMPLOYEE, PLAINTIFF v. ERWIN MILLS, AND/OR BUR-
LINGTON INDUSTRIES, INC., EMPLOYER, SELF-INSURER, OR AMERICAN
MUTUAL LIABILITY INSURANCE COMPANY, ALLEGED CARRIER, DEFEND-
ANTS

No. 8010IC606

(Filed 21 May 1985)

**Master and Servant § 68— workers' compensation—knowledge of byssinosis—stat-
ute of limitations**

 The evidence supported a finding that plaintiff received notice from com-
petent medical authority that she had the occupational disease byssinosis on 25
June 1977 at an occupational respiratory screening clinic sponsored by the
*Carolina Brown Lung Association* where it *showed that defendant was told by
a doctor at the clinic that she would have a good case if she hadn't been out of
the mill so long because "you've got it,"* that plaintiff had previously attended
Brown Lung Association meetings and parties and knew the purpose of the
screening clinic, that her husband had already received compensation for
disability from byssinosis, and that plaintiff concluded from the doctor's
*statements that she had an occupational disease.* Therefore, plaintiff's claim
filed on 11 July 1980 was barred by the two-year statute of limitations of G.S.
sec. 97-58.

 APPEAL by plaintiff from opinion and award by the North
Carolina Industrial Commission filed 22 December 1983. Heard in
the Court of Appeals 6 February 1985.

 Plaintiff, Mary Ann Dawkins, filed a workers' compensation
claim with the Industrial Commission on 11 July 1980, alleging
that her work environment had caused byssinosis. Deputy Com-
missioner Shepherd rendered an opinion and award denying Daw-
kins' claim, because it was not filed within the two-year statute of
limitations as set forth in N.C. Gen. Statutes sec. 97-58 (1979). The
Full Industrial Commission affirmed and adopted as its own the
decision of the Deputy Commissioner. From the opinion and
award of the Full Commission, Dawkins appeals.

*Charles R. Hassell, Jr., for plaintiff appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by C. Ernest Simons, Jr. and Steven M. Sartorio, for defendant appellee Burlington Industries.*

*Teague, Campbell, Conely & Dennis, by George W. Dennis III, for defendant appellee American Mutual Insurance Company.*

BECTON, Judge.

The sole issue on this appeal is whether plaintiff filed her workers' compensation claim within the time prescribed by G.S. sec. 97-58. G.S. sec. 97-58(c) states in part:

> The right to compensation for occupational disease shall be barred unless a claim be filed with the Industrial Commission within two years after death, disability, or disablement as the case may be.

The two-year statute of limitations under G.S. sec. 97-58(c) for filing claims with the Industrial Commission is a condition precedent with which a claimant must comply in order to confer jurisdiction on the Industrial Commission to hear the claim. *Poythress v. J. P. Stevens*, 54 N.C. App. 376, 283 S.E. 2d 573 (1981), *disc. rev. denied*, 305 N.C. 153, 289 S.E. 2d 380 (1982). G.S. sec. 97-58(c) does not commence running until: "[(1)] an employee has suffered injury from an occupational disease which renders the employee incapable of earning the wages the employee was receiving at the time of the incapacity by such injury, and [(2)] the employee is informed by competent medical authority of the nature and work related cause of the disease." *Dowdy v. Fieldcrest Mills*, 308 N.C. 701, 706, 304 S.E. 2d 215, 218 (1983); *Taylor v. Stevens & Co.*, 300 N.C. 94, 265 S.E. 2d 144 (1980).

Dawkins contends the Industrial Commission erred in finding and concluding that the evidence established that she was informed by competent medical authority of the nature and work related cause of her disease.

> Except as to questions of jurisdiction, findings of fact by the Industrial Commission are conclusive on appeal when supported by competent evidence even though there is evidence to support contrary findings. Findings of jurisdictional fact

by the Industrial Commission, however, are not conclusive upon appeal even though supported by evidence in the record. A challenge to jurisdiction may be made at any time. When a defendant employer [or plaintiff employee] challenges the jurisdiction of the Industrial Commission, any reviewing court, including the Supreme Court, has the duty to make its own independent findings of jurisdictional facts from its consideration of the entire record. (Citations omitted.) *Dowdy*, 308 N.C. at 705, 304 S.E. 2d at 218.

The Industrial Commission found that Dawkins received notice from competent medical authority that she had an occupational disease on 25 June 1977 at an occupational respiratory problem screening clinic sponsored by the Carolina Brown Lung Association. The Industrial Commission also found that Dawkins' claim, filed on 11 July 1980, was barred by the two-year statute of limitations, G.S. sec. 97-58. These findings are jurisdictional findings of fact fully reviewable by this Court. *Id.*

The evidence as it exists in the record discloses, *inter alia*, that Dawkins started work in the spinning room at Erwin Cotton Mills in 1931. She worked at Erwin Mills for three years before leaving when her first child was born. Dawkins returned to Erwin Mills in 1941 and remained until 1948 when she had her second child. During the period from 1941 through 1948, she began having difficulty with her breathing. Dawkins has not worked at Erwin Mills since 1948.

In June 1977, Dawkins attended a screening clinic sponsored by the local chapter of the Brown Lung Association; she was examined by Dr. Steven Vogel, an expert in internal medicine. Dawkins testified as follows:

Q. How was it that you happened to decide that you ought to file a claim for brown lung?

A. Because I went up to the school house and I took the test at the school house, Erwin School and they told me then, said I tell you, you like to blowed it to the top, you like to blow it—busted it wide open and then when I got around there where the doctor was at, he says, "I'll tell you right now, if you hadn't been out of the mill so long, you'd have a good case." He said, "you've got it."

Dawkins v. Erwin Mills

Q. Said you got byssinosis? That was the doctor over there at the screening clinic?

A. Yeah, but I don't know what his name was.

Q. Would it have been Dr. Vogel? There's a Vogel who signed on here?

A. I don't know.

Q. Anyway, a doctor told you you had it at that time?

A. He said I had a good chance of getting paid off, if I hadn't been out of the mill so long.

Q. Because you did have byssinosis?

A. Yeah.

The evidence also reveals that Dawkins had previously attended Brown Lung Association meetings and parties. Moreover, her husband, a former president of the Brown Lung Association, had already received compensation for disability as a result of byssinosis, before she attended the screening clinic. We believe that these attendant factors are relevant, for they shed light upon Dawkins' understanding of Dr. Vogel's statement, "You have it." *Cf. McKee v. Crescent Spinning Co.,* 54 N.C. App. 558, 284 S.E. 2d 175 (1981), *disc. rev. denied,* 305 N.C. 301, 291 S.E. 2d 150 (1982) (plaintiff told he had brown lung, but there was no evidence he knew or was advised that the disease was related to his work environment).

From the evidence produced at the hearing, we must conclude that Dawkins was notified by Dr. Vogel in 1977 that she had byssinosis. Dawkins knew the nature and purpose of the Brown Lung Association screening clinic; she concluded from Dr. Vogel's statements that she had an occupational disease. However, she did not file her claim until 1980, more than two years after she was notified that she had an occupational disease. Thus, plaintiff's claim is time barred by G.S. sec. 97-58.

The opinion and award of the Industrial Commission is

Affirmed.

Chief Judge HEDRICK and Judge COZORT concur.